IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DAVID WAYNE CARLISLE | § | |
| v. | § | CIVIL ACTION NO. 5:22cv76 |
| WARDEN, FCI-TEXARKANA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner David Wayne Carlisle filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 challenging the computation of his sentence. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rue CV-72 of the Local Rules of Court for the Eastern District of Texas.

In his original petition, signed on June 14, 2022, Petitioner says that he is currently incarcerated for a violation of his federal probation, for which he received a sentence of 12 months and one day.  In sentencing him, the court specified that he must reside in a residential reentry center or similar facility, in a community corrections component, for 180 days upon his release from confinement.

According to Petitioner, the First Step Act of 2018 allows for inmates such as himself to acquire earned time credits which will be applied to a prison sentence, community confinement, or supervised release based on the amount of time left to serve in either of these components. He argues that through the First Step Act and his participation in various evidence-based recidivism reducing programs and other productive activities, he has earned enough credits to be "all the way out," thus making any time spent in community confinement in the halfway house component into false imprisonment.

After contending that he has been denied access to the grievance procedure, Petitioner maintains that eligible inmates successfully participating in these programs can earn time credits to be applied to pre-release custody or transfer to supervised release, meaning early satisfaction of the inmate's term of imprisonment.  He says that there is no maximum amount of the time credits which can be earned and that he has earned sufficient credit to be eligible for a reduction of 270 days.

Petitioner says that the one day portion of his sentence, in addition to the 12 months, was intended to trigger the halfway house component, but the Bureau of Prisons and specifically the officials at FCI-Texarkana are denying him a transfer to a halfway house, saying that he needs to "serve out." He says that if he should serve out his sentence, without considering the earned time credits, then the additional 180 days would be cruel and unusual punishment as he would be a "free man."  Petitioner also asserts that "stipulating that the 180 days come off supervised release means that the Bureau of Prisons has no bearing on holding him past the typical provision for halfway house afforded to all other inmates with sentences of over 1 year." (Dkt. No. 1, p. 9).

On May 15, 2023, the Court entered an order noting that Petitioner had been released from confinement and giving him until June 15, 2023 in which to advise the Court if he wished to pursue his claims and if so, what relief he is seeking which would apply to his current situation. In his response, dated June 12, 2023, Plaintiff contends that he has served enough time to have his probation terminated.  He explains that "I currently have 9 months remaining on supervised release. I am asking the courts to terminate my time on supervised release because I served enough time on the revocation plus time credits I have not had credit for." (Dkt. No. 3, p. 1).

The Respondent has filed a response in opposition to the petition (Dkt. No. 6).  This response states that Petitioner received a 105 month sentence for possession of methamphetamine with intent to distribute from the Western District of Louisiana.  He also received a five year term of supervised release. On December 11, 2020, the sentencing court reduced his prison sentence to time served, leaving intact the term of supervised release.  Jurisdiction over the case was subsequently transferred from the Western District of Louisiana to the Eastern District of Texas.

On November 22, 2021, the Eastern District of Texas revoked Petitioner's term of supervised release and he received a sentence of 12 months plus one day, followed by two years of supervised release. This term of supervised release also included a condition that he reside in a residential reentry center for 180 days upon his release from confinement.

Petitioner began this sentence on December 15, 2021, and was released to supervised release on September 16, 2022. On September 16, 2023, he was arrested on charges of possession of a controlled substance, for which he received state charges in Hamilton County, Texas. On November 20, 2023, Petitioner received a supervision revocation sentence in the Eastern District of Texas of 13 months in prison, to be served consecutively to any sentence imposed by the State of Texas. He is currently confined at the Federal Correctional Institution - Medium in Beaumont, with an anticipated release date of October 8, 2024. *See* Inmate Locator, Federal Bureau of a Prisons, https://www.bop.gov/inmateloc/ (click the "Find By Number" tab and input 06885-078 for the "BOP Register Number" field and click search).

In his explanation of relief sought, Petitioner states that he wants his time credits to apply to his term of supervised release. However, 28 C.F.R. § 2.35(b) states that "once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release." In *Bowler v. Ashcroft*, 46 F.App'x 731 at *1 (5th Cir. 2002), the Fifth Circuit stated that "even if Bowler were entitled to more good time credits than the BOP allowed, federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment," citing 28 C.F.R. § 2.35(b) and *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987).

At the time Petitioner filed his explanation, in June of 2023, he was on supervised release, and so his time credits could not operate to shorten that period as he requested. In November of 2023, this supervised release was revoked, but the good time which he had earned likewise cannot operate to shorten the period of imprisonment which he received for violating the terms of his

supervised release. Because Petitioner's requested relief is not available by law and cannot be granted, his petition for the writ of habeas corpus should be dismissed.

<u>RECOMMENDATION</u>

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 20th day of August, 2024.


_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE